# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **MIRANDA CISNEROS BELL,** *et al.,* | |
| **Appellants** | **Civil No. JKB-22-849** |
| v. | |
| **DYCK O'NEAL, INC.,** | |
| **Appellee.** | |

## MEMORANDUM

Miranda Cisneros Bell and Edwin Eugene Bell, Jr. (collectively, "the Bells") appeal certain orders entered by the United States Bankruptcy Court for the District of Maryland ("Bankruptcy Court"). Specifically, the Bells appeal the Bankruptcy Court's order dismissing their complaint in an adversary proceeding and the Bankruptcy Court's order declining to reconsider its dismissal of the Bells' complaint. (ECF Nos. 36-1, 36-2 in Adversary Case No. NVA-20-129). For the following reasons, the Court will affirm the Bankruptcy Court's decisions and dismiss the Bells' appeal.

### I.    *Background*

This winding and prolonged dispute began nearly a decade ago. On December 18, 2014, the Circuit Court for Carroll County, Maryland entered a judgment in the amount of $51,670.51 against the Bells and in favor of Dyck O'Neal, Inc. ("DONI"). (*See* Claim No. 1, ECF No. 1-1 in Claims Register of Bankr. Case No. 19-16679.)[1] The Bells appealed the entry of judgment, but

---

[1] The principal balance on the judgment totaled $51,670.51. That amount, however, does not include interest, attorney's fees, or costs awarded to DONI in addition to the principal amount.

they did not post a supersedeas bond, which would have stayed the enforcement of the judgment pending appeal. *See Bell v. Dyck-O'Neal, Inc.*, No. 1165 Sept. Term 2015, 2016 WL 2944107, at *1 (Md. Ct. Spec. App. May 17, 2016). The Bells nevertheless filed several motions requesting a stay of enforcement of the judgment. *Id.* The Circuit Court for Carroll County denied each motion. "In denying the last of the motions, the court 'barred' the Bells 'from filing . . . any further motions seeking a stay of the enforcement of the judgment and waiver of the bond[.]'" *Id.* (alterations in original).

When DONI sought to enforce its judgment, the Circuit Court issued a writ of execution for real property. *Id.* at *1–2. The Bells moved to quash the writ, which the Circuit Court denied. *Id.* at *2. The Bells then moved to alter or amend that order, which the Circuit Court denied as well. *Id.* The Bells appealed the order to the Appellate Court of Maryland,[2] which affirmed the Circuit Court's decision. *Id.* at *6. The Bells then petitioned the Supreme Court of Maryland for a writ of certiorari, which was denied. *See Bell v. Dyck O'Neal, Inc.*, 146 A.3d 466 (Md. 2016). The Bells even petitioned the Supreme Court of the United States for a writ of certiorari, which was denied not once, *see Bell v. Dyck-O'Neal, Inc.*, 137 S. Ct. 2134 (2017), but twice, *Bell v. Dyck-O'Neal, Inc.*, 138 S. Ct. 30 (2017).

On May 16, 2019, the Bells filed a voluntary petition for bankruptcy under Chapter 13 of the Bankruptcy Code. (*See* Bankr. Case No. 19-16679.) On July 3, 2019, DONI filed a proof of claim in the amount of its final judgment against the Bells.[3] The Bells subsequently objected to DONI's claim. In overruling the Bells' objection, the Bankruptcy Court explained that:

---

[2] The Court of Appeals of Maryland is now the Supreme Court of Maryland, and the Court of Special Appeals is now the Appellate Court of Maryland.

[3] The principal balance from the judgment totaled $51,670.51. The Circuit Court for Carroll County awarded DONI interest, attorney's fees, and costs, which totaled $90,275.59 as of May 16, 2019, the day the Bells filed their petition for bankruptcy. (*See* Claim No. 1 at 4, ECF No. 1-1 in Claims Register of Bankr. Case No. 19-16679.)

> The crux of the [Bells'] Objection is that, notwithstanding the Judgment, the Debtors did not actually owe the principal amount of $51,670.51 because the principal amount had either been forgiven or paid in full on or about August 4, 2009 under the "National Mortgage Settlement."[4] Having lost in state court and at every available appellate court, the [Bells] now turn to this Court, effectively seeking to relitigate the very issues already decided by the State Court. The Objection asks this Court to review and reconsider a state court judgment, something that under the *Rooker–Feldman* doctrine this Court has no power to do.

(*See* Order Overruling Debtor's Obj., ECF No. 52 at 2 in Bankr. Case No. 19-16679.) The Bells

moved the Bankruptcy Court to reconsider its decision, which the Bankruptcy Court denied on

February 19, 2020. (*See* ECF Nos. 60, 61 in Bankr. Case No. 19-16679.)

On March 2, 2020, the Bells filed a notice of appeal seeking interlocutory review of the

Bankruptcy Court's order denying the Bells' motion for reconsideration. (Notice of Appeal, ECF

No. 1 in Case No. 20-cv-00595-CCB.) The Bells filed their opening brief more than four months

after they docketed their notice of appeal. (Mot. for Certification, ECF No. 5 in Case No. 20-cv-

00595-CCB.) This Court denied the Bells' request to certify an interlocutory appeal, affirmed the

Bankruptcy Court's decision, and dismissed the Bells' appeal. (Order, ECF No. 6 in Case No. 20-

cv-00595-CCB.)

Nevertheless, the Bells persisted. The Bells moved this Court to reconsider its decision,

which the Court denied. (Order, ECF No. 11 in Case No. 20-cv-00595-CCB.) The Bells then filed

notices of appeal to the Fourth Circuit. (Notices of Appeal, ECF Nos. 11, 12 in Case No. 20-cv-

00595-CCB.) In an unpublished per curiam opinion issued November 28, 2022, the Fourth Circuit

affirmed this Court's decision on all grounds. (Op., ECF No. 29 in Fourth Circuit Case No. 22-

1525.) The Bells then petitioned the Fourth Circuit to rehear the case *en banc*. (Pet. for Reh'g,

ECF No. 31 in Fourth Circuit Case No. 22-1525.) When the Fourth Circuit denied the Bells'

---

[4] The "National Mortgage Settlement" apparently refers to a settlement agreement between the United States and five of the largest mortgage servicers which resolved claims of various mortgage abuses by the servicers.

petition (Order Den. Pet. for Reh'g, ECF No. 33 in Fourth Circuit Case No. 22-1525), the Bells

sought to petition the United States Supreme Court for a writ of certiorari. (Notice, ECF No. 34

in Fourth Circuit Case No. 22-1525).[5]   In the meantime, the Fourth Circuit's mandate took effect

on January 26, 2023. (Mandate, ECF No. 36 in Fourth Circuit Case No. 22-1525).

Before the appellate process concluded, however, the Bells filed an adversary proceeding

in the Bankruptcy Court "to achieve the same result by alternate means." (Mem. Order Dismissing

Compl., ECF No. 2-12 at 3; *see also* ECF No. 36-1 at 3 in Bankr. Adversary Proceeding Case No.

20-00129.) Specifically, the Bells filed a complaint against DONI seeking to void the "transfer"

that occurred when DONI "bid in" its claim at a foreclosure sale of the Bells' property. (Mem.

Order Dismissing Compl. at 3.)[6]   The Bankruptcy Court dismissed the complaint because the

Bells' claims relied on provisions in the Bankruptcy Code giving trustees—not debtors—the

power to obtain the relief requested. (*Id.* at 4–7.)

True to form, the Bells moved the Bankruptcy Court to reconsider its order dismissing the

case. (Pls.' Mot. to Recons., ECF No. 2-13.) The Bankruptcy Court denied the Bells' motion for

reconsideration (Mem. Order Den. Mot. for Recons., ECF No. 2-19), and the Bells appealed both

decisions to this Court on April 8, 2022. (Notice of Appeal, ECF No. 1.) On April 26, 2022, the

Clerk's Office docketed the relevant record from the Bankruptcy Court. (Transmission of Bankr.

R., ECF No. 2.)

But the Bells never filed an opening brief. Under Rule 8018, a bankruptcy appellant "must

serve and file a brief within 30 days after the docketing of notice that the record has been

---

[5] The Bells' attempt to seek the U.S. Supreme Court's review was derailed by a procedural error. Instead of filing a petition for a writ of certiorari, the Bells filed a notice of appeal with the Fourth Circuit. (*See* ECF No. 35 in Fourth Circuit Case No. 22-1525). It is unclear whether the Bells ultimately filed a petition for a writ of certiorari under the proper procedure.

[6] "[The] judgment obtained by DONI in state court . . . by operation of Maryland law, had become a lien on two parcels of real estate owned by the Bells." (Mem. Order Dismissing Compl. at 2.)

transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1). Because the record was docketed on April 26, 2022, the Bells' brief was due on or before May 26, 2022. When the Bells failed to file any brief by the deadline, DONI moved to dismiss the Bells' appeal on June 8, 2022. (Mot. to Dismiss, ECF No. 3.)

Out of an abundance of caution and a desire to decide the controversy on its merits, the Court denied DONI's motion to dismiss without prejudice on January 19, 2023. (Jan. 19, 2023, Order Den. Mot. to Dismiss, ECF No. 12 at 2 (citing *In re SPR Corp.*, 45 F.3d 70, 72 (4th Cir. 1995).) Although it would have been "well-within [the Court's] discretion to dismiss the Bells' appeal," the Court decided to "provide the Bells a final opportunity to submit their brief." (*Id.*) To that end, the Court ordered the Bells to file an opening brief by February 1, 2023. (*Id.*) The Court warned the Bells that the briefing schedule would not be altered. (*Id.*) And in no uncertain terms, the Court cautioned that "[a]ny further delay by the Bells [would] result in the Court dismissing the appeal." (*Id.*)

On January 20, 2023, Ms. Bell emailed the chambers of the undersigned demanding the Court change its briefing schedule because someone had allegedly "destroyed and corrupted" transcripts from the Bankruptcy Court. (*See* Ex. A to Jan. 20, 2023, Mem. and Order, ECF No. 13-1.) On January 23, 2023, the Court rejected Ms. Bell's argument as a frivolous attempt to further delay this appeal. (*See* Jan. 23, 2023, Mem. and Order, ECF No. 13 at 2.)

In the same Memorandum and Order entered January 23, 2023, the Court explained that Ms. Bell had been told, on multiple occasions, to cease emailing courthouse staff about substantive legal matters. (*See* Ex. B to Jan. 23, 2023, Mem. and Order, ECF No. 13-2.) Ms. Bell was directed to submit her correspondence via traditional mail or CM/ECF to ensure her communication was

properly docketed.[7] Because Ms. Bell ignored each informal warning, the Court ordered Ms. Bell to cease emailing courthouse staff about substantive legal matters. (Jan. 23, 2023, Mem. and Order, ECF No. 13 at 2.) The Court advised Ms. Bell that if she continued to send emails of this type, the Court would dismiss her appeal as a sanction for her non-compliance. (*Id.* at 1.)

Ms. Bell took issue with the Court's January 23 Memorandum and Order. Inexplicably, Ms. Bell expressed her concerns by *again* emailing the chambers of the undersigned. (*See* Ex. A to Jan. 30, 2023, Mem. and Order, ECF No. 14-1.) So, in the early afternoon of January 30, 2023, the Court *again* warned Ms. Bell to stop:

> The Court does not take lightly Ms. Bell's flagrant disregard of clear instructions. This will be Ms. Bell's final warning. Further improper correspondence with chambers will result in the appeal being dismissed.

(*See* Jan. 30, 2023, Mem. and Order, ECF No. 14 at 2.) The Court reiterated that "[a]ny further delay by the Bells will result in the Court dismissing the appeal." (*Id.* at 3.)

Ignoring every warning, the Bells *again* emailed the chambers of the undersigned on the evening of January 30, 2023. (*See* Ex. A, attached hereto.) As of the date of this Memorandum, the Bells have still not filed an opening brief.

## II. Legal Standard

This Court reviews the Bankruptcy Court's findings of fact for clear error and its conclusions of law de novo. *In re: Dornier Aviation (N. Am.), Inc.*, 453 F.3d 225, 231 (4th Cir. 2006). District courts have "the discretion to dismiss an appeal if the appellant fails to comply with the procedural requirements of the bankruptcy rules, including failing to meet the time limits for filing an appeal brief." *In re Broadnax*, 122 F. App'x 81, 82 (4th Cir. 2005). In deciding

---

[7] Ms. Bell consented to receive electronic notice and service of filings on June 13, 2022. (*See* Unenumerated Docket Entry on June 13, 2022.)

whether to dismiss an appeal for failure to file a brief, district courts must "take at least one of the following steps: (1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives." *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992). District courts relying on this test must "consider and balance all relevant factors." *In re Broadnax*, 122 F. App'x at 82 (citing *In re SPR Corp.*, 45 F.3d at 74). If an appellant fails to file a brief on time, the district court may dismiss the appeal on its own motion after providing the appellant notice. *See* Fed. R. Bankr. P. 8018.

### III.    *Analysis*

The Court will dismiss this appeal because the Bells have failed to file a timely brief. Again, a bankruptcy appellant "must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." *See* Fed. R. Bankr. P. 8018(a)(1). Local Rule 404.3 provides the Court with authority to dismiss an appeal for failing to serve a brief within the time required by Bankruptcy Rule 8018. *See* Local Rules 404.3 (D. Md. 2021). The Bells' opening brief was due more than nine months ago. (Scheduling Order, ECF No. 12 at 1-2.) To this day, the Bells have still not filed their opening brief.

The Bells have been afforded more than ample notice of the risk of dismissal. *See In re SPR Corp.*, 45 F.3d at 72 (prompting district courts to give the appellant "notice or an opportunity to explain the delay" before dismissing an appeal). On June 8, 2022, DONI's motion to dismiss highlighted the provisions in the Bankruptcy Code governing briefing deadlines. On January 19, 2022, the Court explained it could have dismissed the Bells' appeal for their failure to file a timely brief. (Jan. 19, 2023, Order Den. Mot. to Dismiss, ECF No. 12 at 2.) Instead, the Court provided

7

the Bells a final opportunity to file a brief by February 1, 2023. (*Id.*) The Court reminded the Bells of this deadline not once but twice. (*See, e.g.*, Jan. 23, 2023, Mem. and Order, ECF No. 13 at 2; Jan. 30, 2023, Mem. and Order, ECF No. 14 at 3.) The Court's most recent warning was clear: "Appellants are REMINDED that failure to file an opening brief via CM/ECF or mail by the deadline imposed by the Court (February 1, 2023) will result in dismissal of this appeal." (Jan. 30, 2023, Mem. and Order, ECF No. 14 at 3.)

The Bells' explanation for the delay boils down to their belief that someone tampered with and altered the transcript of a Bankruptcy Court hearing. But the Court has considered and rejected this argument as frivolous on multiple occasions. (*See, e.g.*, Jan. 23, 2023, Mem. and Order, ECF No. 13 at 2; Jan. 30, 2023, Mem. and Order, ECF No. 14 at 3.)

The Bells have pursued this appeal in bad faith. *See In re SPR Corp.*, 45 F.3d at 72 (prompting district courts to "make a finding of bad faith or negligence" before dismissing an appeal). For nearly a decade, the Bells have embarked on a grand tour of the Maryland state and federal court systems. At every turn, judges have recognized the Bells often raise meritless arguments. *See, e.g.*, *Bell v. Bank of Am., N.A.*, Civ. No. RDB-13-0478, 2013 WL 6528966, at *2 (D. Md. Dec. 11, 2013) (Bennett, J.) (describing the Bells' lawsuit as a "rambling recitation of numerous claims totaling 185 pages, excluding exhibits ... [with] eighteen loosely-stated counts"); *Bell*, 2016 WL 2944107, at *3 (Arthur, J.) ("In a language that puts a premium on understatement, one would call [the Bells'] argument unmeritorious."); *In re Bell*, Civ. No. 19-16679-NVA, 2020 WL 13268151, at *1 (D. Md. Nov. 12, 2020) (Blake, J.), *aff'd*, 2022 WL 17249696 (4th Cir. Nov. 28, 2022) (explaining the Bells had "no basis" for their argument).

In raising these frivolous issues, the Bells have sought to delay this dispute, not resolve it. During their prior appeal in this case, the Bells waited nearly four months after the docketing of

the record to file an opening brief. (*See* March 23, 2020, Transmittal of R., ECF No. 2, in Civil

Case No. CCB-20-595; July 24, 2020, Mot. for Certification, ECF No. 5 in Civil Case No. CCB-

20-595.) And the Bells deployed the same dilatory tactics while litigating this dispute in Maryland

state court. *See Bell*, 2016 WL 2944107, at *6 ("The Bells did not take a timely appeal from the

final judgment in the garnishment proceeding. Instead, they moved to vacate the enrolled judgment

more than four months after the court had ordered the release of the garnished funds."). In sum,

the Court finds the Bells have acted in bad faith by obstructing and delaying the administration of

justice throughout this litigation. *See McDaniel v. Fed. Nat'l Mortg. Ass'n*, Civ. No. RWT-14-

626, 2015 WL 1522942, at *3 (D. Md. Mar. 31, 2015) (finding bad faith where the appellant

"persistently ignored procedural requirements" at "every step" of the litigation, "beginning with

the Circuit Court and continuing through the Bankruptcy Court and th[e] [District] Court"); *see*

*also In re Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997) (affirming dismissal for failure to file a

timely brief).[8]

These delays have undoubtedly prejudiced DONI. *See In re SPR Corp.*, 45 F.3d at 72

(prompting district courts to "consider whether the delay had any possible prejudicial effect on the

other parties" before dismissing an appeal). The Bankruptcy Code sets deadlines for a reason.

While the Court aspires to secure the "just, speedy, and inexpensive determination of every case,"

Fed. R. Bankr. P. 1001, "[t]he shorter time period for bankruptcy appeals reflects the frequent need

for *greater expedition* in the resolution of bankruptcy appeals," *see* Fed. R. Bankr. P. 8018 advisory

comm.'s note to 2014 amendment (emphasis added). Here, DONI has waited *years* to execute its

---

[8] Further substantiating the Bells' obstructionism is their repeated violations of the Court's orders prohibiting extra-judicial communication. (*See* ECF Nos. 13, 14.) Despite each of these warnings, and with full knowledge that another violation would result in the dismissal of this appeal, the Bells impermissibly emailed court staff yet again. (*See* Ex. A, attached hereto). Accordingly, the Bells' conduct provides an independent justification for the Court's dismissal of this appeal. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991) (explaining the scope of the court's discretion "to fashion an appropriate sanction for conduct which abuses the judicial process").

judgment. *See Brandeen v. Liebmann*, Civ. No. RDB-16-2945, 2017 WL 1398266, at *2 (D. Md. Apr. 19, 2017) (finding prejudice when delays hindered the disposition of the bankruptcy estate's assets). Important, too, is that the principal balance of DONI's judgment was $51,670.51. DONI's litigation costs from this decade-long dispute may have already surpassed that amount. The Court need not assist the Bells in their mission to turn DONI's judgment into a Pyrrhic victory.[9]

The Court has considered less drastic alternatives to dismissal. To the extent the Bells seek this Court's review of the Bankruptcy Court's decision without an opening brief, the Court finds no reversible error. The Bankruptcy Court's decision to dismiss the Bells' complaint rests on sound reasoning and the application of relevant, binding legal authority. (*See* Mem. Order Dismissing Compl., ECF No. 2-12.) The more significant problem for the Bells, however, is that the Court could have dismissed this case months ago. But because the Court sought to decide this dispute "on [its] merits rather than [a] procedural technicalit[y]," the Court provided the Bells a final opportunity to submit a brief. (*See* Jan. 19, 2023, Order Den. Mot. to Dismiss, ECF No. 12 at 2 (citing *In re SPR Corp.*, 45 F.3d at 72).) The Court repeatedly reminded the Bells about the final cutoff date in the weeks leading up to the deadline. Still, the Bells declined to submit a brief. *See Andresen v. Rosen*, Civ. No. PJM-05-3164, 2006 WL 4550187, at *3 (D. Md. Sept. 26, 2006) (finding that "[n]o alternative sanction [could] fairly address [appellant's] omissions" because the appellant had already provided an unsatisfactory explanation for the delays); *see also Reid v. Cohen*, Civ. No. PWG-19-752, 2020 WL 886181, at *3 (D. Md. Feb. 24, 2020) (finding "a less severe sanction would be futile" when appellants had an opportunity to provide a legitimate reason for their excessive delays).

---

[9] Moreover, the Bells' obstructionism may have impacted others beyond DONI. For instance, the bankruptcy trustees—of which there have already been three assigned in this case—may have faced administrative burdens from the delays in this proceeding.

The Court is mindful that "the sanction of dismissal for failure to comply with a non-jurisdictional, procedural guideline . . . [is] a harsh sanction which a district court must not impose lightly." *See In re SPR Corp.*, 45 F.3d at 73 (citing *Serra Builders*, 970 F.2d at 1311) (alteration in original). But egregious obstructionism necessitates the most severe consequences. Other courts have dismissed bankruptcy appeals for much shorter delays. *See, e.g.*, *Serra Builders*, 970 F.2d at 1309 (affirming dismissal of bankruptcy appeal when a filing was fifteen days late); *Zewdie v. PNC Bank, N.A.*, Civ. No. PJM 15-2167, 2016 WL 640804, at *2 (D. Md. Feb. 18, 2016) (dismissing appeal after appellant failed to file a brief within six months of the deadline, despite numerous warnings by the court). These examples highlight the extreme holdup the Court begrudgingly yet patiently accepted for months.

The Bells' time has now run out. The Court declines to become an accomplice in the Bells' filibuster of judicial administration. The Bells have expressed no interest in resolving this litigation on the merits, so the Court must dismiss the appeal.

## IV.   Conclusion

For the reasons stated here, the Court shall issue an Order affirming the Bankruptcy Court's decisions and dismissing the Bells' appeal.

DATED this 22 day of February, 2023.

BY THE COURT:

James K. Bredar
Chief Judge

# Exhibit A



**Subject:** FW: Notice to Cease and Desist and Supplemental Criminal Complaint
**Attachments:** 2 2011 IFR Review Notice and Payment.pdf; 2012 National Mortgage Settlement Federal Consent Judgment Claim Form.pdf; DOJ US Trustee Program NMS FCJ Info Page.pdf; DOJ US Trustee Program NMS FCJ 341 Meeting Info Sheet.pdf; 3 May 14 2012 BOA NMSFCJ Principal Forgiveness.pdf; 4 December 4, 2012 Paid in Full letter.pdf; 5 July 9 2014 IFR Transaction Summary.pdf

**From:** Edwin Bell <eebell14@gmail.com>
**Sent:** Monday, January 30, 2023 6:46 PM
**To:** tkokolis_pskfirm.com <tkokolis@pskfirm.com>; Thomas Kokolis <tj@pskfirm.com>; msimon@pskfirm.com; cparker@pskfirm.com; kbrown@pskbfirm.com
**Cc:** MDD_JKBChambers <MDD_JKBChambers@mdd.uscourts.gov>; MDD_CCBChambers <MDD_CCBChambers@mdd.uscourts.gov>
**Subject:** Notice to Cease and Desist and Supplemental Criminal Complaint

**CAUTION - EXTERNAL:**

Parker, Simon, Kokolis, and Brown,

This email is intended as a Notice to Cease and Desist as well as intended as a Supplemental Criminal Complaint of Obstruction of Justice under 18 USC §1509 and 18 USC §1506.

Your firm has been repeatedly notified of our rights under the filed unchallengeable and irrevocable Federal Consent Order and the Final Federal Consent Judgment which cannot be collaterally attacked or appealed using a state or federal court. (See attached)

Your firm has also been repeatedly notified of our ZERO BALANCE loan included in the unchallengeable and irrevocable Federal Consent Order and the Final Federal Consent Judgment. (See attached)

Specifically, your firm has been continuously, *ad nauseam*, informed through documentation that we are **"Harmed Borrowers" with guaranteed rights** under the Federal Consent Order and a Federal Consent Judgment listed below:

**1. April 13, 2011 Independent Foreclosure Review Federal Consent Order**
**(Foreclosure Between January 1, 2009 to December 31, 2010)**
(US Department of the Treasury, Comptroller of the Currency, In the Matter of: Bank of America, N.A., Charlotte, NC, Case AA-EC-11-12)

1

(See Attached)

> which required protections for harmed borrowers including a cease and desist of
> any further unlawful activity by Bank of America, NA and its successors or
> assigns.

## 2.  April 4, 2012 National Mortgage Settlement Federal Consent Judgment (Foreclosure Between January 1, 2008 and December 31, 2011)

(United States District Court for the District of DC, Case 1:12-cv-00361-RMC) (See
Attached)

## Under Federal Law, obstruction of justice includes interference and avoidance of Federal Consent Orders and Federal Consent Judgments.

### 18 USC § 1509 - Obstruction of Court Orders

Whoever, by threats or force, willfully prevents, obstructs, impedes, or interferes with, or
willfully attempts to prevent, obstruct, impede, or interfere with, the due exercise of
rights or the performance of duties under any order, judgment, or decree of a court of the
United States, shall be fined under this title or imprisoned not more than one year, or
both.

No injunctive or other civil relief against the conduct made criminal by this section shall
be denied on the ground that such conduct is a crime.

### 18 USC § 1506 - Theft or alteration of record or process

Whoever feloniously steals, takes away, alters, falsifies, or otherwise avoids any record,
writ, process, or other proceeding, in any court of the United States, whereby any
judgment is reversed, made void, or does not take effect; or

Whoever acknowledges, or procures to be acknowledged in any such court, any
recognizance, bail, or judgment, in the name of any other person not privy or consenting
to the same—

Shall be fined under this title or imprisoned not more than five years, or both.

Both the National Mortgage Settlement Federal Consent Judgment and the Independent
Foreclosure Review Federal Consent Order included a permanent Injunction to cease and desist
any further actions against harmed borrowers.

Instead of respecting the filed Federal Consent Order and Federal Consent Judgment, your firm
chooses to ignore the Federal Order and Federal Judgment. Consequently, your firm is

obstructing justice under Federal Law 18 USC § 1509 and 18 USC § 1506, by willfully, knowingly, and fraudulently interfering with our rights under April 13, 2011 Independent Foreclosure Review Federal Consent Order and April 4, 2012 National Mortgage Settlement Federal Consent Judgment.

Knowingly violating both the Federal Consent Order and the Federal Consent Judgment is direct evidence of your firm's unlawful attempts to appeal a non-appealable Federal Consent Order and Federal Consent Judgment under which your client has obligations to comply and liability for violations.

Chapter 13 Trustee Robert S Thomas II warned your client of the implications for knowingly extorting harmed borrowers of the April 13, 2011 Independent Foreclosure Review Federal Consent Order and April 4, 2012 National Mortgage Settlement Federal Consent Judgment for money not owed despite government notices to terminate these criminal practices. (See attached)

**Attorneys are required to terminate the perpetuation of criminal acts of their clients.**

Therefore, **immediately CEASE AND DESIST obstructing justice enabled and orchestrated by your firm's knowing and willful obstruction of court orders prohibited under 18 USC § 1509 and Theft or alteration of record or process prohibited 18 USC § 1506.**

**Sincerely,
Edwin and Miranda Bell**

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.